UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA          :

                                                                                                   11-cr-569-24 (PAC)

        -against-          :

                                                                               **ORDER**

CHRISTIAN GUABA,                   :

                   *Defendant.*        :
-----------------------------------------------------------x

        Defendant Christian Guaba ("Defendant") filed a "Motion for Three-Point Reduction" to correct or reduce his September 18, 2013, sentence of 292 months' imprisonment for one count of use and possession of a firearm in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. § 924(j).[1] The Government opposes the motion. Defendant's motion is **DENIED**.

        Defendant alleges he is entitled to a three-point reduction, presumably to his offense level, pursuant to Section 3E1.1 of the United States Sentencing Guidelines for "acceptance of responsibility." *See* Def.'s Letter at 3, ECF No. 632. Defendant does not cite any grounds for relief; because he appears to request a correction to a sentencing error, the Court construes it as a request under Federal Rule of Criminal Procedure 35(a). *Cf. Adams v. United States*, 155 F.3d 582, 583–84 (2d Cir. 1998) (instructing that courts should recharacterize a motion purportedly

---

[1] In late April 2019, Defendant wrote two letters to the Honorable Denny Chin requesting sentence reductions in Case No. 06-CR-987-8 before Judge Chin and Case No. 11-CR-569-24 before this Court. *See* ECF Nos. 632–34. Judge Chin, noting that it appeared Defendant had mixed up the docket number of his cases, denied Defendant's motion in corrected Case No. 06-987-8. Judge Chin then referred Defendant's motion in corrected Case No. 11-CR-569-24 to this Court for adjudication. Neither letter was docketed until October 24, 2022, due to administrative error.

made under some other rule as a Section 2255 motion only in limited circumstances and with defendant's informed consent).

The Court lacks jurisdiction to correct Defendant's sentence under Rule 35(a). Within fourteen days after sentencing, a court "may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "[A] district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed." *United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (citing *United States v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995)). Over nine years have now passed since Defendant's sentencing and Rule 35(a) relief is thus unavailable. *See* Am. Judgment, ECF No. 430; Fed. R. Crim Pro 35(c). Nor is relief available under Rule 35(b) because the Government is not requesting a sentence reduction based on substantial assistance. *See* Gov't Opp'n at 3, ECF No. 636.

Even if Defendant's motion was not procedurally barred, it would fail on the merits because there is no error to correct. Section 3E1.1 provides for both a two point and one point reduction in the base offense level for clearly demonstrating acceptance of responsibility and timely notifying authorities of an intention to plead guilty, respectively. *See* U.S.S.G. §§ 3E1.1(a), (b). At his change of plea hearing, Defendant acknowledged that his plea agreement calculated a total offense level of 40 and that his attorney explained how the calculation had been made. *See* Plea Tr. at 7:23–8:3, ECF No. 380, PSR ¶ 22. The Presentence Report ("PSR") also calculated Defendant's base offense level at 43 and made a three-point downward adjustment pursuant to Section 3E1.1 for a total offense level of 40. *See* PSR ¶¶ 66–68, 70. Finally, defense counsel at sentencing confirmed, and the Court expressly adopted, that a total offense level of 40 was correct. *See* Sent'g Tr. 2:16–25, 16:8–16, ECF No. 418. A three-

point reduction for Defendant's acceptance of responsibility and timely plea was thus correctly calculated and applied.

To the extent Defendant is requesting relief under 18 U.S.C. § 3582(c), his motion is likewise denied. A district court "may not" modify an imposed term of imprisonment, except under limited circumstances, none of which are applicable here. Defendant has not demonstrated grounds for correction under Rule 35, *see* 18 U.S.C. § 3582(c)(1)(B), nor does he request reconsideration based on a sentencing range lowered by the Sentencing Commission, *see id.* § 3582(c)(2). If Defendant wishes to modify his sentence pursuant to § 3582(c)(1)(A), he must comply with the required procedures, including "fully exhaust[ing] all administrative rights . . ." and alleging facts to support extraordinary and compelling circumstances justifying release before the Court can properly consider his motion.

## CONCLUSION

For the reasons stated above, Defendant's Motion for a Three-Point Reduction is denied.

Dated: New York, New York
       February 23, 2023

                                          SO ORDERED

                                          _____
                                          HONORABLE PAUL A. CROTTY
                                          United States District Judge